# ELVIRA FERNANDEZ BLANCO ET AL.

*v.*

# JOSÉ ANTONIO FERNANDEZ Y PEREZ ET AL.

Mayaguez, Equity, No. 207.

Where a person who is made respondent to a bill in equity that seeks to set aside certain deeds for realty on the ground that they were made without consideration, and in fraud of the real owners, makes no proper showing as to his failure to defend after he has once appeared, and exhibits no sincere desire to defend on the merits, he will not be heard in an effort to set aside a decree *pro confesso* against him, or to have the decrees in the cause vacated.

Opinion filed March 18, 1910.

*Mr. F. H. Dexter.* solicitor for complainants.

*Mr. Willis Sweet,* solicitor for respondent José A. Fernandez and his minor children.

*Mr. B. J. Horton,* solicitor for respondent José Foix Molina.

*Mr. J. R. F. Savage* and *Mr. Luis Llabres,* solicitors for respondent Ramon Fernandez.

RODEY, Judge, delivered the following opinion:

This is a suit in equity which has had a lengthy history in this court. See our opinion on one phase of it in 4 Porto Rico Fed. Rep. 428. We entered first a partial decree in the case on February 16, 1909, and a second one immediately following on the same date. A final decree was entered on January 8, 1910. Notwithstanding this, two matters, which it is claimed are not ended, are being pressed upon us by counsel for present or former parties.

On February 4th, 1910, counsel for the main respondents presented and asked leave to file a cross bill in behalf of his clients, José Antonio Fernandez y Perez and his minor children, against José Foix Molina; but that particular respondent was eliminated from the cause in a hearing at Mayaguez, as appears by a journal entry, and also, as we well recollect, on August 15th, 1908, on motion of F. H. Dexter, solicitor for complainants, Benjamin J. Horton, solicitor for Molina, being then present in court and consenting thereto. He was thus eliminated from the case although he had theretofore filed an answer. It is fundamental in chancery practice that one respondent cannot file a cross bill and obtain affirmative relief against another respondent, because this would be trying a separate suit that has no necessary relation to the main cause of action. See our opinion in Will v. Tornabells, 3 Porto Rico Fed. Rep. 141. In

fact, at a recent hearing, on Mr. Sweet's attention being called to this rule of chancery practice, he virtually confessed that he is not entitled to file this cross bill. Therefore an order will be entered denying his right in that behalf. This disposes of the first matter referred to.

The other matter referred to is this: On October 9th, 1909, the respondent, Ramon Fernandez y Perez, appeared by counsel and moved to set aside the decree *pro confesso* against himself, and to dismiss the cause for lack of jurisdiction. The motion was denied and dismissed at the time, because we could see nothing to show his interest in the cause, and his counsel then appearing (Mr. Llabres) was unable to inform us as to the right of his client at such a late day to move so radically in the case. On the 31st day of December, 1909, this same respondent appeared again, this time by José R. F. Savage, and again prayed that the decree *pro confesso* entered against him on August 15th, 1908, be set aside, and that a time be fixed within which he might plead to the bill. He attempted to support this motion by a meager affidavit tending to show that he had purchased some of the property involved in the litigation on March 23d, 1907, or about a month before the original bill in the case was filed, although as stated in our opinion in 4 Porto Rico Fed. Rep. 428, supra, litigation about the property had been pending in this court, both at law and in equity, for some five or six years previous to that time, and the fact was well known,—that it was claimed his grantor had no proper title to the land involved. Notwithstanding this latter application, about a week thereafter a final decree was entered, as stated under date of January 8, 1910, but, nevertheless, said alleged respondent has persisted in his application to plead and defend, with a view to ousting the

jurisdiction of the court. On this his counsel had a full-hearing orally; besides, we have examined the record to ascertain what the situation is. We find from the record that it is probable counsel for complainants was not aware of the transfer of some of the property involved to this respondent, Ramon Fernandez, at the time of filing the original bill on April 29th, 1907, and therefore under date of October 26th, 1907, at a time when an application for a receiver was being heard, with all counsel present, leave was asked to amend the bill, so as to make this party, Ramon Fernandez, a respondent; and on the same being granted, and process being ordered to issue against him, Henry F. Hord, who was of counsel in the cause for this applicant's grantor and others, immediately entered applicant's appearance, and was then and there in his behalf allowed to join in the demurrer, which had theretofore been filed by his grantor Damian Fernandez and other respondents. Nearly two months thereafter, on December 23, 1907, his said solicitor, Henry F. Hord, for what reason we do not know, came into court in the presence of all the other counsel and filed a withdrawal of his name as representing respondent, Ramon Fernandez. The court has a distinct recollection that it then and there required the clerk to notify Fernandez, who was a resident of the city of San Juan, where the court was being held, that his solicitor had thus withdrawn in his behalf from the cause. We also distinctly recollect requiring said Hord to immediately notify Fernandez that he had so ceased to represent him, and we have a clear recollection that the former then and there stated he had already done so, by letter and otherwise, and that the clerk thereafter also notified us that he also had sent a written notice to Fernandez that his solicitor Mr. Hord had ceased to represent him, and that he must at a short day employ other counsel.

Many proceedings were thereafter had in the cause during the next seven or eight months. Finally, the court, when holding a session in the Mayaguez Division in August, 1908, and on the 17th of that month, entered the following order: "And on this day, in the above entitled cause, upon the court's attention being called to it by Francis H. Dexter, solicitor for complainants, it appears that, although complainants have long since been entitled thereto, no decree *pro confesso* has ever been entered against respondents Damian Fernandez, Francisco Crestar, and Ramon Fernandez, although each of the said persons appears to have been served with process in the premises, and to have made default in that behalf; and whereas it appears that after similar due and proper service in the premises a rule *pro confesso* was entered as against the respondent Gabriel Gonzalez; now therefore, it is ordered: That as to said first-mentioned three respondents a rule *pro confesso* is considered as entered, and as to the four respondents mentioned a decree *pro confesso* is hereby entered and considered as entered against them, and each of them respectively, *nunc pro tunc,* as of the 15th day of August, instant, previous to the beginning of the taking of proofs herein."

It will thus be seen that despite all the efforts of the court to have this applicant come in and defend his interests and rights,—if any he had,—he failed and neglected so to do. The truth is that the court took many other steps not mentioned in the record, in an effort to induce him to come in, employ counsel, and demur, plead, or answer.

The case has been as well and widely known as any suit tried on the island in recent times. Other phases of the controversy between the same and other parties are reported in Fernandez y

Perez v. Perez y Fernandez, 4 Porto Rico Fed. Rep. 124, 201, and in 202 U. S. 84, 50 L. ed. 944, 26 Sup. Ct. Rep. 561.

No later than the 15th instant, Messrs. Savage and Llabres, on behalf of said Ramon Fernandez, appeared, and, on their request, in the presence of all other counsel in the cause, we entered an order granting leave, even at this late day, to said Ramon Fernandez to at once come in and answer, and in order to speed the proceeding we agreed to take the proofs ourselves in open court, and try his rights on the merits. His counsel apparently believed this to be reasonable, and at once agreed to it, but after consultation with their said client they reappeared in court this morning and stated they could not induce him to agree to the terms imposed by the court, and so therefore they then and, there requested, and were granted leave to withdraw from the case, which they immediately did, apparently in disgust at the action of their client.

It is a case where the respondent, José Antonio Fernandez, became possessed of an unwarranted fear that he would lose more of his property, the same as he unfortunately did by his own negligence in failing to give a supersedeas bond against a mistaken judgment, rendered against him in this court during the incumbency of a former judge, and which was reversed by the Supreme Court of the United States, as aforesaid. So he, it appears, without consideration of any sort, transferred all of his property to one Gonzalez and others, and they in turn, or some of them, transferred portions of it to this man Ramon Fernandez. The record is filled with allegations showing this, and the default and consequent decrees *pro confesso* against the recipients of it tends to show the court that the allegations must have been true. As stated, the whole history of the case was so

well and widely known in the community as that we are satisfied this man Ramon Fernandez must have received the property with full knowledge that his grantors had no title to it, even though it stood in his grantor's name on the record, and that he did not in truth or in fact pay any consideration therefor, although he pretends he paid $8,000 for the part of the land he secured the deed to. We know so much about the case that we are not inclined to believe this, and think his fear in that regard caused him to fail to appear and diligently and honestly answer, and assert his rights in this court. He has never appeared in person, and the affidavit that he files with his motion is wholly inadequate. We regard his effort as nothing more than trying to trifle with the court, and hence we see no reason for reopening the case and reciting him or entering any other decree. He tenders no answer, and does not file any proper showing of his good faith, or any sufficient reason for his default, or any sufficient convincing evidence that he ever in truth and in fact paid a dollar consideration for the property involved in the litigation, which he obtained from a man that it is, as aforesaid conceded, paid no consideration for it; neither does he make any proper showing that he is an innocent purchaser for value without notice.

Whether the decree the court has entered will render the whole matter *res judicata* as to him in this regard, we do not thing it necessary to say at this time; and neither do we think we ought to disturb the proceedings in his behalf. Therefore an order will be entered, denying his application as made.